**ASKEY et al. v. MASON.**

**No. 12112.**

Court of Civil Appeals of Texas.
San Antonio.

June 7, 1950.

Brewer, Matthews, Nowlin & Macfarlane, San Antonio, Clinton G. Brown, Jr., San Antonio, Denver E. Perkins, Gonzales, for appellants.

R. L. Miller, Gonzales, for appellee.

BROETER, Justice.

The appellants, Almeda Ramsay Askey et al., sued Mollie E. Mason, appellee, in the District Court of Gonzales County, Texas, for the title and possession of certain real estate consisting of two tracts totalling 560-9/12 acres of land situated in Gonzales County, and for the reasonable rental value thereof, and to recover personal property consisting of livestock, numerous shares of stock in various corporations and other personal property of the estimated value of $16,173.24, or, in the alternative, for the title and possession of said real estate and for damages for conversion of the personal property. The case was tried to the court without a jury upon an agreed statement of facts. From an adverse judgment, the plaintiffs appealed.

The appellants claim title and right of ownership as heirs and beneficiaries and successors to the interests of Mrs. Susan A. Ramsay, et al., under the will of Alvina Harman, deceased, and Mollie E. Mason's title and right of ownership is founded on deeds and assignments made to her at various times by her husband, Charles W. Mason, deceased, also a beneficiary under the will of Alvina Harman and the only child of Alvina Harman. The case involves the construction of the will of Alvina Harman, and under the agreed statement of facts the parties hereto stipulate that the issue in the cause is whether or not Charles W. Mason had the power to make the assignments and deeds to Mollie E. Mason, and if he did not have such power the plaintiffs are entitled to cancellation of such instruments and to recover of defendant the interest in the property and income therefrom as stipulated and costs of suit; if Charles W. Mason did have power to make the assignments and deeds, then defendant is entitled to judgment that plaintiffs take nothing and that she recover her costs.

The will of Alvina Harman is as follows:

"The State of Texas,
County of Gonzales.

In The Name Of God, Amen.
"I, Alvina Harman, nee Mason, and nee Matthews, of the County of Gonzales, and State of Texas, being of sound and disposing memory, sensible of the uncertainty of life and the certainty of death, and being desirous of settling my worldly affairs while I have strength and capacity to so act, do make this my last will and testament, hereby revoking all other and former wills heretofore by me made.

"Article First. I, desire that my body be buried in a decent and Christianlike manner, suitable to my circumstances and condition in life.

"Article Second. I desire and direct that all my just debts be paid out of my estate as early as practicable after my death, by my Executor to be hereinafter appointed.

"Article Third. It is my will and desire, and I so direct that all of the property, both real, personal or mixed, of which I may die seized or possessed of, after the payment of all my just debts, together with all the expenses incident to the probating of this will, shall pass to and absolutely vest in fee simple in my beloved son Charles W. Mason, and after the payment of all my just debts as aforesaid, I give, bequeath and devise to my beloved son Charles W. Mason, the remainder of all the property I may own or be interested in at the time of my death, in fee simple, to manage, sell or dispose of as he, my said son may deem proper or advisable; but in this connection it is my earnest desire that in the event, that any of the property given and

devised as aforesaid shall remain on hand, undisposed of at the time of the death of the said Charles W. Mason, and further, in the event that said Charles W. Mason shall die without issue of his body surviving him, then I desire and I so direct that said property undisposed of, as aforesaid, shall pass to and become the property of the following persons, the *sum* to be divided equally between them share and share alike, to-wit:

"Mrs. Susan A. Ramsay my sister, James Matthews Ramsay, Charles Whitson Ramsay, Walter Newton Ramsay, Mrs. Almeda Ramsay Askey, Elizabeth Ramsay, Asa Harman Ramsay, (the latter the children of the said Susan A. Ramsay,) Mrs. Almeda Wade Forrest, J. H. Collins and Willouise Collins; should any of the children of said Susan A. Ramsay die without issue, then in that event I desire that the share or shares of such shall pass to or revert to the surviving children of said Susan A. Ramsay in equal shares; and I earnestly request, that the said Charles W. Mason, at the proper time and in the proper way, provide if necessary, the legal means to carry out my wishes in relation to such undisposed of property as aforesaid, should the contingencies occur as herein set forth.

"In this connection, I feel that is is proper for me to say, that I am not unmindful of the tender ties of love and affection which bind me to other near relatives whose names do not appear in this will; fortunately they are not in need of remembrances from me by way of gifts, and I believe that they are aware of and fully appreciate the reasons which have moved me in making the aforesaid disposition of such property of mine as may remain on hand at the death of said Charles W. Mason, and said Charles W. Mason departing this life without issue surviving him.

"Article Fourth. I hereby constitute and appoint my beloved son Charles W. Mason, sole Executor of this, my last will and testament, and direct that no bond or security be required of him as Executor.

"Article Fifth: It is my will that no action shall be had in the County Court in the administration of my estate other than to prove and record this will, and to return an inventory and appraisement of my Estate and list of claims.

"In witness whereof, I have hereunto set my hand this the 11th day of July, A. D. 1916, in the presence of C. E. Dilworth and Ed Titcomb who attest the same at my request.

Alvina Harmon

"The above instrument was now here subscribed by Mrs. Alvina Harman, the testatrix, in our presence, and we, at her request and in her presence, and in the presence of each other, sign our names hereto as attesting witnesses.

D. E. Dilworth<br>Ed Titcomb"

Appellants present only one point in their brief which is as follows: "A testamentary trust having been created under the terms of the will in favor of the appellants, the trustee had no power to cut off their beneficial interests by a gift deed executed by him, and the trial court erred in entering its judgment to the contrary."

Appellee presents three counter-points in her brief which urge that: 1st, Whatever interest appellants acquired under the will of Mrs. Alvina Harman was subject to an express and unlimited power of disposition conferred thereby in Charles W. Mason, and the exercise thereof during his lifetime cut off appellants' interest; 2nd, Mrs. Harman's will conferred on appellants a legal estate only in the property on hand and undisposed of at the death of Charles W. Mason, and her request made of Charles W. Mason to provide legal steps to carry out her wishes did not enlarge the estate previously granted to the remaindermen, nor cut down the power of sale and disposition conferred on him, nor did it impose a trust on the contingent legal estate previously conferred on the remaindermen; and, 3rd, Even if Mrs. Harman's will created a trust in appellants' favor, said trust would consist of only such property of hers as remained on hand and undisposed of at the date of the death of Charles W. Mason and the property in controversy having been dis-

posed of by Mason, would not constitute a part of the trust property. We do not believe any merit exists in appellants' contention.

The will of Alvina Harman by its Third Article, in most certain terms, provides that all property that she may die seized and possessed of after payment of debts and expenses incident to the probate of her will "shall pass to and absolutely vest *in fee simple* in my beloved son Charles W. Mason, and after the payment of my just debts as aforesaid, I give, bequeath and devise to my beloved son Charles W. Mason, the remainder of all the property I may own or be interested in at the time of my death, *in fee simple, to manage, sell or dispose of as he, my said son may deem proper and advisable.*" (Italics ours.)

██ There can be no question but that this provision of the will of Mrs. Harman bequeathed and devised to her son, Charles W. Mason, the absolute fee simple title to all of her property, real, personal or mixed, except as the same be limited by the following provision in the same paragraph of the will, to-wit: "But in this connection it is my earnest desire that *in the event that any of the property given and devised as aforesaid shall remain on hand undisposed of at the time of the death of the said Charles W. Mason, and further, in the event that said Charles W. Mason shall die without issue of his body surviving him,* then I desire and I so direct that the *property undisposed of, as aforesaid,* shall pass to and become the property of the following persons, the *sum* to be divided equally between them, share and share alike, to-wit."

This provision of the will had the effect of converting the fee title of Charles W. Mason to a conditional fee, or a defeasible fee, the condition of defeasance being in event that any of the property given or devised as aforesaid shall remain on hand and undisposed of at the time of the death of Charles W. Mason and in event he should die without issue of his body surviving him, then such property should pass to and vest in appellants here.

A close examination and inspection of the will of Mrs. Harman not only fails to disclose any limitation on the power and authority of her son to sell or otherwise dispose of the property, but her intention to create a fee simple title thereto in her son is twice repeated in the same clause, and the last repetition is supplemented by adding the words, "to manage, sell or dispose of as he, my said son, may deem proper and advisable." And the will further shows that she anticipated he would dispose of some of the property because she expresses a desire that only the property on hand and undisposed of at the death of her son shall go to the appellants. Hickman v. Harrell, 147 Tex. 396, 215 S.W.2d 876.

██ The next provision of the will on which appellants rely to give support to their contention is the one following the designation of the remaindermen and is as follows: "And I earnestly request, that the said Charles W. Mason, at the proper time and in the proper way provide if necessary the legal means to carry out my wishes in relation to such undisposed of property as aforesaid, *should the contingencies occur as herein set forth.*" (Italics ours). We cannot agree that this provision either enlarged upon the rights of appellants or affected the power granted Charles W. Mason to dispose of the property bequeathed to him under the will. Appellants place special stress in their brief on the fact that Charles W. Mason was eighty years of age at the time of his death; that he had no children of his body and that it was well known to him and his wife, Mollie E. Mason, that he was incapable of having issue of his body, and that the deeds or assignments were gifts without consideration and reserved to him either the use or income of the property for life, but the provision above referred to does not request that he provide, if necessary, the legal means upon the contingency that he have no issue alone, but by using the word "contingencies" testatrix qualifies such request and makes it conditional also on her son's failure to dispose of the property. Further, she is very definite in providing that the

legal means requested are to carry out her wishes in relation to such undisposed of property. The property had been disposed of at the death of Charles W. Mason.

The language used by Judge Stayton in Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133, 135, in which the power given by will to the wife to dispose of the property bequeathed was questioned, applies to this case. It is there said: "She having exercised the power conferred upon her, through whatsoever motive, or upon whatsoever consideration, their contingent right was forever cut off, when it was once exercised; and the fact that the property was reconveyed to her is a matter of no importance."

In Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 879, opinion by Chief Justice Hickman, it is said: "The consequences of a holding that after the death of T. M. Harrell the remaindermen could be heard to come into court and inquire into the purposes of deeds made by him during his lifetime are not difficult to perceive. Each conveyance had the effect of reducing the estate which would otherwise have gone to the remaindermen, and it might be that a jury would find that, since it had that effect, it was executed for that purpose and was therefore a fraudulent conveyance. Titles to property should not rest on such uncertain bases. The point need not be labored, for it has been definitely decided by this Court that under wills of similar effect as that before us, where the survivor takes a conditional fee, or even a life estate, with full power of disposition, he may dispose of the property as he sees fit during his lifetime. Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133; Young v. Campbell, Tex.Civ.App., 175 S.W. 1100, writ refused; Johnson v. Kirby, Tex.Civ.App., 193 S.W. 1074, writ refused; Feegles v. Slaughter, Tex.Civ.App., 182 S.W. 10, writ refused; Kilpatrick v. Cassel, Tex.Civ.App., 19 S.W.2d 805."

We do not believe the opinion in McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412 is authority for appellant's contention. Such opinion recognizes the authority in the first beneficiary to dispose of the property under a will similar to Mrs. Harman's,

but denies the plaintiffs the right to recover the property sold or proceeds received from sale thereof and limits recovery to that portion undisposed of. We would have a different question in this case had any of the property remained undisposed of at the time of death of Charles W. Mason.

Appellants' point is overruled and the judgment of the trial court is affirmed.