## ROBERTS v. CHISUM et al.
### No. 2862.

Court of Civil Appeals of Texas. Eastland.

April 13, 1951.

W. J. Oxford, Stephenville, for appellant.

G. H. Williamson, Shephenville, for appellees.

GRISSOM, Chief Justice.

Sirvelia Roberts instituted this suit to construe the will of E. M. Chisum, deceased. She contended that under said will she acquired the fee simple title to a tract of land. In a trial to the court, judgment was rendered that fee simple title to said land did not vest in her but that her interest should not be forfeited because she brought the suit. Mrs. Roberts has appealed.

The will of E. M. Chisum was executed in March, 1916. He died in May, 1916. His will was probated in September, 1916. The second paragraph of his will stated, "I give and bequeath to my son William A. Chisum the following described property * * *." There followed a general description of three tracts of land and a bequest to his son of half of his cattle. The third and fourth paragraphs, which constitute the remainder of the body of the will, are as follows:

"3rd: I give and bequeath to my granddaughter, Mrs. Sirvelia Roberts, all of my horses; Also one half of all the cattle of said estate; Also all of a certain tract of land situated on Flat Creek in Erath County, Texas, containing 177; Provided.

that said tract of land shall not be sold or disposed of in any way whatsoever, by the said Mrs. Sirvelia Roberts, or any one else during her lifetime. And also further provide that at the death of the said Mrs. Sirvelia Roberts, if she leave no heirs, said land (heretofore) mentioned shall become the property of the William A. Chisum heirs."

"4th: I also further direct that if any beneficiary of any estate after my death, become dissatisfied with this will, and should institute suite in any court, they shall not receive any part of said estate, further than to have this will probated."

When said will was executed, Mrs. Roberts was married but had no children. She now has five children, the first child having been born in 1919. Mrs. Roberts moved on the land about the time the will was probated and has resided there since.

■ Stripped of all words not directly pertinent to the inquiry, the language to be construed is: "3rd: I give and bequeath to my granddaughter Mrs. Sirvelia Roberts * * * all of a certain tract of land situated on Flat Creek in Erath County, Texas, containing 177; provided that said tract of land shall not be sold or disposed of in any way whatsoever, by the said Mrs. Sirvelia Roberts, or anyone else during her lifetime; And also further provide that at the death of the said Mrs. Sirvelia Roberts, if she leave no heirs, said land * * * shall become the property of the William A. Chisum heirs." In the second paragraph, immediately preceding the language just quoted, by the use of the same words prior to the attempt to restrain alienation and the provision for a gift over to the heirs of William A. Chisum, the testator had given to his son, William A. Chisum, the fee simple title to four tracts of land. The devise to the son, however, was not followed by any attempt to restrain alienation, nor by a provision for a gift over in any event. In the third paragraph, the testator gave to his granddaughter, Mrs. Roberts, all of his horses, half of his cattle and 177 acres of land. However, in the same sentence he provided that the

land should not be sold during her lifetime. In the second sentence of the 3rd paragraph, he clearly placed a limitation upon the otherwise absolute gift of the land by providing that if Mrs. Roberts died without leaving heirs said land should, in such event, then become the property of the "William A. Chisum heirs." We are of the opinion that the testator, by the use of the language employed in the first sentence of the 3rd paragraph intended to devise said tract of land to Mrs. Roberts, but that he attempted to prevent the sale hereof during her lifetime. He used the identical words, prior to the provision for restraint on alienation, in giving land to the granddaughter that he had used in devising the fee simple title to land to his son. It was not necessary in order to devise a defeasible fee to Mrs. Roberts, that he should use the expression to her "and her heirs" in the granting clause. Pool v. Sneed, Tex. Civ.App., 173 S.W.2d 768, 776, R.W.M. Furthermore, he used the same language in the granting clause with reference to land that he used in making an absolute gift to Mrs. Roberts of property other than land. But, by the last sentence of the 3rd paragraph there was created a limitation upon the estate conveyed to Mrs. Roberts. Said provision definitely and clearly qualifies and limits the otherwise absolute gift made in the preceding sentence and changes a devise which, without the latter provision, would have created a fee simple title into an estate in fee, defeasible, however, upon the happening of the stated contingency, that is, that Mrs. Roberts die without leaving a child surviving her. Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374, 375, 376; Darragh v. Barmore, Tex.App., 242 S.W. 714, 717; Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 878; 44 Tex.Jur. 829, 830; West v. Glisson, Tex.Civ.App., 184 S.W. 1042, 1045, WR.

In the Little case, the part of the will in question was "I give devise and bequeath all the rest residue and the remainder of my estate both real and personal to my son L. T. Little to have and to hold to him and his heirs forever *in the event L. T. Little*

*should die without an heir* my estate to be divided equally between the heirs of H. H. Little Mary Davidson and R. C. Little." (Italics ours.) So far as the question presented is concerned, there is no room for distinguishing that and the instant case. The Supreme Court held that the quoted provision gave to L. T. Little a fee simple estate, defeasible upon his death without leaving a surviving child.

In St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S.W. 425, the court construed the following clauses of a will:

"Second. I give and bequeath to Robert M. Freeman, Of Dallas county, Texas, all my property, real and personal and mixed, that I may own and be possessed of at the time of my death.

"Third. It is my will and desire that in the event the said Robert M. Freeman shall die without issue then it is my will and desire that all of my said property willed as aforesaid be given to St. Vincent de Paul Institution or order, for the benefit of the sick Sisters of that order in Dallas county, Texas."

Freeman filed suit to construe said will and to have determined whether he was entitled to a fee simple estate or whether his estate was subject to be divested by his death without issue. The Supreme Court, in an opinion by Judge Gaines, said: "In the present case the second clause of the will gives to the defendant in error all the testator's property that he may own at the time of his death. This, however, is qualified by the third clause, which prescribes that it is his will and desire that, in the event the said Robert M. Freeman shall die without issue, then that all of his property willed as aforesaid be given to St. Vincent de Paul Institution or order, for the benefit of the sick Sisters of that order in Dallas county, Texas."

The court held that, although the second paragraph gave Freeman all of the testator's property, the devise was qualified by the third paragraph, which prescribed that in the event Freeman died without issue said property should go to said institution. The trial court held that Freeman took a fee

simple title. That judgment was affirmed by the Court of Civil Appeals but the Supreme Court rendered judgment that "should Freeman die * * * without issue, the limitation over to the St. Vincent de Paul Institution shall take effect." The holdings in Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 878, and Darragh v. Barmore, Tex.Com.App., 242 S.W. 714, 718, are to the same effect. See also, 14 Tex.Jur. 936; 44 Tex.Jur. 829; 17 Tex. Jur. 110; Norton v. Smith, Tex.Civ.App., 227 S.W. 542, W.D.; Lockridge v. McCommon, Tex.Sup., 38 S.W. 33, 34; Pool v. Sneed, Tex.Civ.App., 173 S.W.2d 768, 776, R.W.M.

The fourth paragraph of the will construed in the Darragh case, supra, provided that "in case John Greenleaf Darragh dies before his sister Mable Darragh Jenkins, without heirs of his body, all of his portion of the estate shall go to my said daughter, Mable * * *." The court held that John Darragh took an estate in fee, "defeasible, however, by an executory devise over to his sister, in event he shall die before she does and leave no bodily heirs surviving him * * *." The court further said: "It follows from the above holdings that plaintiffs in error are vested with such power of disposition as is given by law to holders of an estate in fee, defeasible by a devise over upon the contingencies stipulated in the will."

In connection with the last quotation, we call attention to the following decisions: Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149, 151; Seay v. Cockrell, 102 Tex. 280, 115 S.W. 1160, 1163; O'Connor v. Thetford, Tex.Civ.App., 174 S.W. 680, 681, W. R.; 32 Tex.Jur. 832; 17 Tex.Jur. 110.

Appellant contends that the provision that if Mrs. Roberts should die without leaving "heirs" the land should become the property of the heirs of William A. Chisum is void because it violates the rule against perpetuities. "The rule against perpetuities is that no interest within its scope is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest to which is

added * * * the period of gestation." 32 Tex.Jur. 835.

■■ The vesting of an estate may be postponed during lives that were in being when the estate was created, plus twenty-one years and nine months after the termination of such lives. There is no limitation upon the number of lives in being within the rule. 48 C.J. 940, Sec. 6; 70 C.J.S., Perpetuities, § 4. Here, the testator referred to two lives, that of Mrs. Roberts and William A. Chisum. The will provided for the absolute vesting of the estate at the death of Mrs. Roberts, unless she died without leaving surviving "heirs." In any event, the title will finally and absolutely vest either in the "heirs" of Mrs. Roberts or the heirs of William A. Chisum, not later than the termination of lives in being, at the creation of such estate, that is, the lives of Mrs. Roberts and William A. Chisum. See 48 C.J. 946; 70 C.J.S., Perpetuities, § 6; 41 Am.Jur. 59, Sec. 14 and Page 64, Sec. 20.

"In accordance with the principles relating to limitations to classes, a limitation or gift of an interest or estate, in fee or for life, to a person not in being at the creation thereof does not violate the rule against perpetuities if such person must necessarily come into being, if at all, and attain the age at which his interest or estate is to vest in him, within the period specified by the rule; as if the gift or limitation be to the unborn child of a person in being, to vest at his birth, or at the death of the parent, or another living person, or when the child shall attain an age not exceeding twenty-one years." 48 C.J. 967, Sec. 51; 70 C.J.S., Perpetuities, § 17.

"A gift or limitation of an interest or estate in property to the unborn grandchildren of a testator by whose will the gift is made, or of another person dead at the creation of the limitation, which is to vest, if at all, at or before the death of their parents, or other person or persons in being at the creation of the interest whose lives measure the period of postponement, or at or before such grandchildren or the youngest of them attains an age not exceeding twenty-one years, is not obnoxious to the rule against perpetuities, because the persons who are to take thereunder must necessarily be ascertained within the time permitted by the rule after the creation of the interest * * *." 70 C.J.S., Perpetuities § 17.

"The lives by which a period of suspension of alienability or ownership or of postponement of vesting is measured may be those of any persons, whether beneficiaries of the limitation or not, including total strangers to the objects thereof." 48 C.J. page 1004, Sec. 99; 70 C.J.S., Perpetuities, § 45.

"A gift or limitation of an interest or estate in property to a class whose members will necessarily be ascertained and take vested interests, if at all, within, or at the end of, the period specified by the rule against perpetuities is not obnoxious to that rule. * * *" 70 C.J.S., Perpetuities § 16.

We conclude that the will did not violate the rule against perpetuities.

■ We approve the holding that Mrs. Roberts' interest was not forfeited because she brought suit to construe the will. Calvery v. Calvery, 122 Tex. 204, 55 S.W.2d 527, 530. That part of the judgment is affirmed. Otherwise, the judgment is reformed and the will construed to mean that Mrs. Roberts took said land in fee, defeasible, however, in the event she shall die leaving no child surviving her.

Costs are taxed against appellant

The judgment is reformed and affirmed.