**S. A. FOUST et al., Appellants,**

v.

**Hattye Bigham COYNE, Appellee.**

**No. 6874.**

Court of Civil Appeals of Texas.
Amarillo.

Sept. 14, 1959.

Rehearing Denied Oct. 12, 1959.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Allen Harp, Childress,

Bruno H. Miller, Oklahoma City, Okl., for appellants.

Williams, Broughton & Forbis, Childress, for appellee.

NORTHCUTT, Justice.

On or about February 28, 1947, Martin Coyne Jr. and Viola H. Coyne, husband and wife, made and executed a joint and mutual will, the pertinent provisions concerned in this appeal being as follows:

"1.

"It is our will and desire that the survivor of us, Martin Coyne, or Viola H. Coyne, as the case may be, shall have all of the estate of every description, real, personal, or mixed, which either or both of us may own, to be used, occupied, enjoyed, sold and conveyed by such survivor, during the lifetime of such survivor. To make our testamentary intention clear as to the rights of the survivor, we specifically state that such survivor shall have every right to the use, enjoyment and conveyance of said property as if said property was left to the survivor in fee simple, and any instrument of conveyance executed by said survivor to any of said property shall convey the full, complete and fee simple title.

"2.

"We hereby constitute and appoint the survivor of us independent executor, or executrix, as the case may be, of this will and testament, and direct that no bond or other security be required of such survivor in such capacity.

"3.

"Upon the death of the survivor of us, all of said property, then remaining, shall be divided into two equal shares, one share we give, devise and bequeath to the heirs of Martin Coyne,

as provided by the laws of descent and distribution of the State of Texas, and one share we give, devise and bequeath to the heirs of Viola H. Coyne by the laws of descent and distribution of the State of Texas.

"4.

"Upon the death of the survivor of us, we hereby constitute and appoint Coyne Milstead independent executor of this will and direct that no bond or other security be required of him as such.

"5.

"The survivor shall have and is hereby given the right and authority, by codicil to this will, shall such survivor deem it necessary and property, to appoint a new executor hereof."

On the 7th day of July A.D., 1951, the said Viola H. Coyne died in Childress County, Texas, and Martin Coyne Jr. had the will in question probated and he was appointed independent executor without bond as directed by the terms of the will. Thereafter Martin Coyne Jr. was married to Hattye Bigham Coyne and thereafter on the 30th day of August, A.D., 1956, Martin Coyne Jr. executed a deed conveying the property here in question to Hattye Bigham Coyne. Said deed so far as this appeal is concerned is as follows:

"That I, Martin Coyne, Jr., of Childress County, Texas, for in consideration of the sum of Ten Dollars, cash to me in hand paid by Hattye Bigham Coyne, and the further consideration of love and affection for my wife, the said Hattye Bigham Coyne, and subject to the reservation hereinafter contained, have granted, sold and conveyed unto the said Hattye Bigham Coyne, of the County of Childress, State of Texas, as her separate estate, all those certain tracts and parcels of land and personal properties, described as follows, to-wit:

"First Tract: All of Lots Numbers One (1), Two (2) and Three (3) in Clock Sixteen (16) of the Highland Heights Addition to the City of Childress, Childress County, Texas, together with all of the household furniture, cooking utensils, fixtures, drapes and personal properties of every kind or character situated in the home upon said property;

"Second Tract: All of Lots Numbers Eleven (11), Twelve (12) and thirteen (13) in Block Twenty-Eight (28), of the Original Plat of the City of Childress, Childress County, Texas;

"Third Tract: All of Lots Nineteen (19) and Twenty (20) in Block Thirteen (13) of the original Plat of the City of Childress, Childress County, Texas.

"Fourth Tract: All of Lots Three (3), Four (4) and Five (5) in Block Twenty-Seven (27) of the Original Plat of the City of Childress, Childress County, Texas;

"Fifth Tract: An undivided one-half interest in and to Lots Five (5), Six (6), and Seven (7) in Block Thirty one (31) of the Original Plat of the City of Childress, Childress County, Texas, the same being all of my right, title and interest in this tract of land; and

"Sixth Tract: An undivided one-half interest in and to the Southwest one-fourth of Section Twenty-five (SW¼ of 25), Block Thirty-two (32), Township One (1) North, Texas & Pacific Railway Company Surveys in Howard County, Texas, the same being all of my right, title and interest in and to this tract of land;

"Save And Except the grantor reserves to himself the full possession, benefit, dominion, use and enjoyment of the above described property and premises, and all of the rents, income, issues, profits, oil runs, royalties, or bonuses therefrom, for and during the

natural life of the grantor, Martin Coyne, Jr.

"To have and to hold the above described property and premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said Hattye Bigham Coyne, as her separate estate, her heirs and assigns forever, subject only to the above reservation; and I do hereby bind myself, my heirs executors and administrators, to warrant and forever defendant, all and singular the said premises, unto the said Hattye Bigham Coyne, as her separate estate, her heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof, subject only to the above reservation."

Thereafter, Martin Coyne Jr. died.

It is the contention of appellants that they are entitled to recover the property in question because of the provisions of the above mentioned will and that Martin Coyne, Jr. did not have the authority to give the land to his wife, Hattye Bigham Coyne, and that said deed was a testamentary instrument and that no consideration passed from Hattye Coyne to Martin Coyne Jr. and if the $10 was paid as stated in the deed they offer to repay the $10. Though we do not think it is a necessary point to be determined herein, it is held that love and affection are a sufficient consideration to support a deed from a husband to his wife, even if a consideration should be considered necessary.

We are unable to see where there is any question of fact to be determined herein since the whole matter rests upon the interpretation of the will and deed in question and that is purely a law question. The will provided, in explaining as to what the real testamentary intention was, that the property was left to the survivor in fee simple, and any instrument of conveyance executed by said survivor to any of said property should convey *full, complete and fee simple title*. (Emphasis ours.) We are of the opinion that the true meaning of the words "fee simple" is simply all the property in the thing referred to, excepting that portion retained, or, in other words, the largest estate therein which a person may have. We are of the opinion and so hold that under the terms of the will in question, Martin Coyne, Jr. had the right to dispose of the property as he did and that the deed in question was not a testamentary instrument. We are of the opinion that the law of this case is contrary to the contention of appellants and approve and adopt without further comment the holding of the Supreme Court in the case of Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, as the law of this case.

Judgment of the trial court is affirmed.