COMMERCIAL BANK, UNINCORPO-
RATED, OF MASON, TEXAS
et al., Petitioners,

v.

BIll H. SATTERWHITE et al., Respondents.

No. A–11540.

Supreme Court of Texas.

March 15, 1967.

Rehearing Denied May 10, 1967.

Lee & Lee, R. E. Lee, Mason, Barkley and Cutcher, James L. Cutcher, Taylor,

Moursund & Ferguson, Thomas C. Ferguson, Johnson City, for petitioners.

Morriss, Boatwright, Lewis & Davis, Will A. Morriss, Jr., San Antonio, for respondents.

NORVELL, Justice.

This case is controlled by the construction of a power of sale contained in the will of David S. Satterwhite, father of Bill H. Satterwhite, and late husband of Mrs. Jeffie Henrietta Satterwhite.

Bill Satterwhite, respondent here, sued Commercial Bank, Unincorporated, of Mason, Texas, and his mother for reformation or cancellation of a general warranty deed executed by Mrs. Satterwhite to the bank. He also sought a decree establishing his asserted interest in the land covered by the deed and a partition. The deed was executed on February 28, 1962 and purported to convey the community interest of Mrs. Satterwhite and her deceased husband, David S. Satterwhite, in and to the Diamond S Satterwhite ranch (921.78 acres) in Bell County, Texas. Respondent alleged that Mrs. Satterwhite had made a gift to the bank; that the will did not authorize the making of such gift; that the consideration was wholly inadequate, and that a mutual mistake had been made in drawing the deed in that it was the intention of the parties that Mrs. Satterwhite's one-half interest only should pass under the deed.

Both parties filed motions for summary judgment. The trial court sustained the bank's motion, but the Court of Civil Appeals reversed and rendered judgment in respondent's favor for an undivided one-fourth interest in the ranch. 402 S.W.2d 789.

David S. Satterwhite died in June of 1959 leaving as survivors his widow (a petitioner here), and their two sons, Bill

H. Satterwhite (the respondent), and Clay T. Satterwhite. His will in part provided:

"Second. I desire to state that all of the property that I now own is the community property of myself and my wife, Jeffie Henrietta Satterwhite.

"Third. I give, devise and bequeath all of my property, both real and personal, that I may die possessed of, of every nature and kind after payment of my just debts, to my beloved wife, Jeffie Henrietta Satterwhite, to have and to hold the same for and during her natural life, to use as she sees proper, with remainder over and after her death to our two children, namely, Bill H. Satterwhite and Clay T. Satterwhite, and such other children as may be born to us, and their legitimate bodily heirs, share and share alike.

"Fourth. And my wife, Jeffie Henrietta Satterwhite, shall use her own judgment and pleasure in making any advances, loans or help to any of my children, and such advances, loans or help so made, shall be charged up to the one receiving same and shall be deducted in the final settlement. *I furthermore give my wife full authority to sell, transfer and assign any portion of my estate,* real or personal; the purchaser shall be under no duty to see that the proceeds to the sale are disbursed in accordance with this will.

"Fifth. In the event of my wife's marriage, I desire and so will and direct, that all of my part of the estate on hand at the time of such marriage, be then divided equally among my surviving children or their legitimate bodily heirs.

"Sixth. I give all the rest and residue of my estate to my wife, Jeffie Henrietta Satterwhite, and the residue of my estate, in the event of my wife's marriage, be then divided equally among my surviving children or their heirs". (Italics supplied)

The will devised a life estate (terminable upon remarriage) in his one-half interest in and to the Diamond S Ranch to his widow with remainder over to his two sons, Bill and Clay. The fourth paragraph of the will vested in Mrs. Satterwhite a discretionary power to make advances and loans to the remaindermen. This same paragraph contained the disputed power of sale.

In late October of 1961, Mrs. Satterwhite entered into a contract of sale with petitioner bank and thereafter, in February of 1962, conveyed the ranch to the bank by general warranty deed for a recited consideration of $26,000.00. In April of 1962, she maried W. T. Chambers, but will be designated by the name she bore at the time of the execution of the deed to the bank.

The Court of Civil Appeals construed the fourth paragraph of the will as authorizing Mrs. Satterwhite to sell property belonging to her estate only in the event she "desired to make any advancements, loans or help to any of the children." If this construction be accepted, then, upon her marriage to Chambers, her life estate terminated and Bill and Clay Satterwhite became the owners of their father's interest in the ranch, as it is undisputed that the sale to the bank was not made for the purpose of making loans or advances to the children.

◼ We are unable to agree with the holding of the Court of Civil Appeals that the power of sale set forth in the fourth paragraph of David S. Satterwhite's will was so limited. The first sentence in said paragraph makes provision for loans and advancements to the Satterwhite children, but the seond sentence, while a part of the same paragraph, provides, "I furthermore give my wife full authority to sell". The word "furthermore" means "in addition to what precedes", Merriam-Webster's Third New International Dictionary. The power of sale was a further authority vested in the widow in addition to the power to make

loans and advances and is described in the will as a "full authority to sell".

In Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876 (1948), this Court said:

"[T]he point need not be labored, for it has been definitely decided by this Court that under wills of similar effect as that before us, where the survivor takes a conditional fee, or even a life estate, with full power of disposition, he may dispose of the property as he sees fit during his lifetime. Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133; Young v. Campbell, Tex.Civ.App., 175 S.W. 1100, writ refused; Johnson v. Kirby, Tex.Civ. App., 193 S.W. 1074, writ refused; Feegles v. Slaughter, Tex.Civ.App., 182 S.W. 10, writ refused; Kilpatrick v. Cassel, Tex.Civ.App., 19 S.W.2d 805. * * *

"In the instant case the testators in language free of ambiguity have clothed the survivor with the unqualified right to convey the property during his or her lifetime and have limited the rights of the remaindermen to whatever estate remained in the survivor at his or her death, * * *".

See also, Looney v. First National Bank of Floresville, 322 S.W.2d 53 (Tex.Civ.App. 1959, writ ref'd n. r. e.), which presented a state of facts similar to that now before us.

■ The deed from Mrs. Satterwhite to the bank was executed by her "individually and as Executrix of the Estate of David S. Satterwhite, deceased". It recites and acknowledges payment of a $26,000.00 cash consideration and purports to convey definitely described tracts of land. This deed, unless cancelled, set aside or annulled, constitutes a valid exercise of the power of sale vested in the life tenant and operates to defeat the rights of the remaindermen who except for the exercise of such power would take upon the remarriage of their mother. Simes, Future Interests, 2d Ed. (Hornbook Series) 20, § 11.

However, as above indicated, it is urged that the ranch involved was worth much more than $26,000.00 and hence a gift of at least part of the ranch was made to the bank. It is pointed out that a power of sale does not authorize the holder thereof to make a gift of the property. Essentially the same contention is urged on the theory of a failure of consideration. We cannot accept these arguments. Mrs. Satterwhite, the grantor in the disputed deed, is a petitioner in this case and is allied with the bank. She does not assert that she was induced by fraud to make the deed, or that she is entitled to rescission because of inadequacy of consideration or for any other reason. Bill Satterwhite does not hold under his mother and is not in privity with her. His position is that his mother made a gift of the ranch to the bank or in the alternative sold the same for a consideration so inadequate as to raise a presumption of fraud.

■ In our opinion, the summary judgment evidence shows conclusively that no gift was intended by Mrs. Satterwhite. Her son, Clay, was in financial difficulties and owed a substantial amount of money to the bank. The title to the ranch had been clouded by a mortgage executed by Clay Satterwhite, and recorded abstracts of judgments rendered against him also cloud the title because of his asserted interest in the property evidenced by the mortgage which he executed. The summary judgment evidence discloses that one offer for the sale was rejected by a prospective purchaser because of these clouds and asserted claims. Mrs. Satterwhite, according to her deposition, sought to clear up the situation and "get out of the whole thing". The record demonstrates that neither she nor the bank considered that a gift was involved.

■ The argument with reference to the failure of consideration is somewhat similar. It is suggested that the $26,000.00 consideration paid Mrs. Satterwhite should be considered as a consideration for her undivided one-half interest and that some $17,000.00 received by the cancellation of

debts owed by Clay Satterwhite should be considered as consideration for his interest. It is then concluded that no consideration was received for the interest of the respondent, Bill Satterwhite. We have heretofore held that the power of sale given to Mrs. Satterwhite by the will of her husband was not restricted to sales for the purposes of making advances or loans to members of the family. It follows that all rights which Clay Satterwhite and Bill Satterwhite had in and to the ranch were subject to the exercise of the power of sale by Mrs. Satterwhite. In this state, a power of disposition has been construed to be plenary. Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133 (1889) (power vested in the life tenant); Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876 (1948) (holder of defeasible fee coupled with power of disposition). It has been held that a power of sale as distinguished from a power of disposition does not include the right to make a gift, Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1 (1946), and hence is more restricted than a general power of disposition. We have rejected the theory of gift for the reasons above stated, and there remains only the contention relating to inadequacy of consideration. We need not determine in this case whether or not a sale made by a life tenant holding a plenary ("full authority") power of sale may be attacked by a remainderman upon the ground that the consideration for the sale is so inadequate as to raise a presumption of fraud and would amount to a squandering of the estate to the prejudice of the remainderman. For inadequacy of price to justify the nullification of a sale, even between the parties thereto, it is essential that such inadequacy be extreme in view of the circumstances surrounding the transaction. Peyton v. Peyton, 271 S. W.2d 493 (Tex.Civ.App.1954, no writ), 10 Tex.Jur.2d 368, Cancellation of Instruments § 42. The inadequacy here, particularly in view of the clouded condition of the title, does not raise a presumption of fraud. And further, there is no offer to restore the status of the parties as it existed before the execution of the deed, nor any reason suggested as obviating that requirement except the contention that one-fourth of the ranch was actually the property of respondent. As heretofore pointed out, this argument is necessarily based upon an incorrect analysis of the title situation. Bill Satterwhite held no estate in the land which could not be defeated by the power of sale vested in his mother.

■ There is also some contention that the deed from Mrs. Satterwhite to the bank should be reformed so as to convey only an undivided one-half interest in the ranch. Mrs. Satterwhite entered into a preliminary sales contract with the bank which referred to "all her right, title and interest in and to" the ranch. As stated heretofore, the deed executed by her purported to convey specifically described tracts making up the ranch. The words "right, title and interest" were not used in referring to the land conveyed. It is a rule of general application that in the absence of fraud, accident or mistake, all prior agreements entered into between the parties are considered merged in the deed. Barker v. Coastal Builders, Inc., 153 Tex. 540, 271 S.W.2d 798 (1954), citing Woods v. Selby Oil & Gas Co., 2 S.W.2d 895 (Tex.Civ.App., 1927, affirmed 12 S.W. 2d 994, on recommendation of Commission of Appeals), 19 Tex.Jur.2d 514, Deeds, § 190. Mrs. Satterwhite, the grantor of the deed, does not assert that through fraud, accident or mistake the deed failed to express the agreement of the parties. She seeks no equitable relief in connection with the instrument and there are no circumstances disclosed by the record under which Bill Satterwhite could secure a reformation of the deed.

We have examined the points of the respondent contained in his brief in the Court of Civil Appeals where he was the prevailing party and they are overruled. What is said herein constitutes a sufficient discussion of them. It appears that there is another suit pending between Bill Satterwhite and his mother involving an accounting.

We are not called upon and do not express an opinion as to the effect the judgment in this case may have upon said pending suit.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958).