**Clara Ione McGUIRE et al., Appellants,**

v.

**Ila Verne WORSHAM et al., Appellees.**

No. 4970.

Court of Civil Appeals of Texas, Waco.

Dec. 22, 1970.

Gragg & Storey, J. Willard Gragg, Dallas, for appellants.

Passman, Jones, Stewart, Andrews & Co., Ronald M. Holley, Burt Barr, Dallas, for appellees.

OPINION

WILSON, Justice.

The sole question in this non-jury case is whether the will of decedent au-

thorized his sister Emma to convey the title to the real property she did convey after *testator's* death, as the trial court concluded; or whether title was also vested by the will in his other brothers and sisters, including appellants herein. Other assets of decedent's estate are not involved. In our opinion, Emma was authorized to convey the fee simple title to the lot in question, reserving a life estate, as she did, and we affirm.

The will was not drafted by an attorney, but by a dealer in real estate who had no formal legal training.

Paragraph 3 of the will devises testator's property to his sister Emma "in fee simple", following which is the language: "the estate to remain intact until her death, unless it is her express wish and desire to sell or dispose of the real property." Paragraph 4 provides that if testator's sister, Emma, "should predecease me, or at her death", his property "shall pass to and vest in fee simple" in his other brothers and sisters, "or to the survivor".

After testator's death Emma conveyed the realty in question which was owned by testator at his death, reserving a life estate, and this action to construe the will and set aside the conveyance ensued.

It is not necessary to characterize the estate devised to Emma. By the terms of the will she had the absolute right to dispose of the realty by conveyance as she did.

 The law favors the first taker, and the will is to be construed so as to grant to the first taker the greatest estate which by fair construction is capable of passing.

Evans v. Evans (Tex.Civ.App., 1963), 371 S.W.2d 775; Conway v. Estes (Tex.Civ. App., 1961), 346 S.W.2d 374; Cragin v. Frost Nat. Bank (Tex.Civ.App., 1942, writ ref. w.o.m.), 164 S.W.2d 24.

 A latter provision in a will is deemed to affirm, not contradict, an earlier clause. Heller v. Heller (1925), 114 Tex. 401, 269 S.W. 771.[1] The conveyance, in our opinion was authorized. Affirmed.

---

1. If paragraph 3 should be construed to create a life estate or a conditional or defeasible fee (questions on which it is not necessary to imply decision), the conveyance would nevertheless be authorized. Harrell v. Hickman (1949), 147 Tex. 396, 215 S.W.2d 876 and authorities cited; Commercial Bank, etc. v. Satterwhite (Tex.Sup.1967), 413 S.W.2d 905; Murphy v. Slaton (1955), 154 Tex. 35, 273 S.W.2d 588; Singer v. Singer (1951), 150 Tex. 115, 124, 237 S.W.2d 600, 605; Medlin v. Medlin (Tex.Civ. App., 1947, writ ref.), 203 S.W.2d 635; Pritchett v. Badgett (Tex.Civ.App., 1953, writ ref.), 257 S.W.2d 776. See Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1; 4 Page on Wills, (Bowe-Parker rev. 1961) Sec. 37.26. See Art. 1291, Vernon's Ann.Civ.St.