Dorothy CAPERS, Appellant,

v.

William B. JACKSON et al., Appellees.

No. 4649.

Court of Civil Appeals of Texas, Eastland.

Oct. 5, 1973.

Dewey Cox, Jr., Ranger, for appellant.

Tommy G. Warford, Turner, Seaberry & Warford, Eastland, for appellees.

WALTER, Justice.

William B. Jackson and Geneva Taylor filed a partition suit against Dorothy Capers and from an adverse judgment in a nonjury trial, Mrs. Capers has appealed.

From her brief, we copy the following:

"William B. Jackson, Geneva Taylor and Dorothy Capers owned in common 160 acres of land in Eastland County, Texas. William B. Jackson and Geneva Taylor filed an action against Dorothy Capers for partitioning setting forth that Dorothy Capers owned an undivided $\frac{1}{32}$nd interest, or 5 acres, in said tract. Dorothy Capers in her second amended original answer set forth that she owned an undivided $\frac{1}{4}$th interest, or 40 acres, in said tract; 16 acres of which she inherited from her deceased father, J. S. Jackson; $3\frac{1}{2}$ acres inherited from a deceased brother Edward L. Jackson; and $20\frac{1}{2}$ acres which she had agreed to purchase from Fannie Lee Jackson, the widow of Edward L. Jackson, which $20\frac{1}{2}$ acres was purchased by Appellee William B. Jackson and which he held in trust for appellant, and which he refused to convey to her even though she had

tendered the money into court for his benefit. Appellant asked that said land be partitioned and that said 40 acres be set aside to her.

The court heard the cause and awarded appellant an undivided 1/32nd interest (or 5 acres) and ordered the land partitioned."

Mrs. Capers contends the court erred in failing to find that she inherited an undivided 16 acres from her father, J. S. Jackson. She also contends the court erred in failing to hold that William B. Jackson held 20½ undivided acres in trust for her.

J. S. Jackson, the father of William B. Jackson, Geneva Taylor, Dorothy Capers and Edward L. Jackson, died in 1937 and left a will. The pertinent portions of which are as follows:

"It is my will and desire that all of the property both real and personal, I may die seized and possessed of, after the payment of all my just debts, together with all the expenses incident to the probating of this will, shall pass to and vest, in fee simple in my beloved wife, Mary L. Jackson, and her heirs by me and after the payment of all my just debts, I give, bequeath and demise to my beloved wife Mary L. Jackson, and her heirs by me the remainder of all the property I may now own or be interested in at the time of my death, in fee simple, to manage, sell or dispose of as she may wish or see proper."

The 160 acres was the community property of J. S. Jackson and wife, Mary Leona Jackson. After the death of J. S. Jackson, his widow conveyed the 160 acres of land to the Veterans' Land Board. Mrs. Capers and the other children did not join in this conveyance.

Mrs. Mary Leona Jackson received $7,500.00 from the sale of the land. From the proceeds of the sale, she gave Mrs. Capers, William B. Jackson, and Geneva Taylor $1,000.00 each. The Veterans' Land Board, thereafter, conveyed the land to Edward L. Jackson.

No findings of fact or conclusions of law were requested by the appellant. In the City of Abilene v. Meek, 311 S.W.2d 654 (Tex.Civ.App.—Eastland 1958, writ ref.), we said:

"It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law."

In Templeman v. McFerrin, 113 S.W. 333 (Tex.Civ.App.—1908, affirmed by Supreme Court—102 Tex. 530, 120 S.W. 167), the court said:

"It is axiomatic that no one can be an heir during the lifetime of his ancestor."

"Her heirs by me" could not be determined until the death of Mrs. Jackson. The language in Mr. Jackson's will shows that he intended for his wife to have the full enjoyment of his property "to manage, sell or dispose of as she may wish or see proper".

Construing substantially the same language, the court in McGuire v. Worsham, 461 S.W.2d 428 (Tex.Civ.App.—Waco 1970, no writ history) said:

"It is not necessary to characterize the estate devised to Emma. By the terms of the will she had the absolute right to dispose of the realty by conveyance as she did".

We hold the provisions in the will authorized Mrs. Jackson to convey the land to the Veterans' Land Board without the joinder of the children. Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600 (1951).

We find no merit in Appellant's point that William B. Jackson held 20½

undivided acres in trust for her. In Olds v. Traylor, 180 S.W.2d 511 (Tex.Civ.App. –Waco 1944, writ ref.), the court said:

"Where the facts are controverted, or are such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only where the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. An issue of fact is raised 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.' "

We hold that the facts relating to whether or not a trust was created were controverted. The court has found in favor of Appellees and there is evidence of probative force to support such finding.

We have considered all of Appellant's points and find no merit in them. The judgment is affirmed.