**MOORE v. GORDEN et al.**
No. 2849.

Court of Civil Appeals of Texas. Waco.
May 19, 1949.

Rehearing Denied June 9, 1949.

Richey, Sheehy & Teeling, Waco, Bradley & Bradley, Groesbeck, for appellant.

Carl Cannon, Groesbeck, W. W. Mason, Mexia, for appellee.

LESTER, Chief Justice.

This appeal involves the construction of the will of Mrs. Ina Moore. In paragraphs 1 and 2 she provided for the payment of her debts and made provision for her burial, etc. In paragraph 3 she gave to her niece, Mrs. Annie Laura Collins, the diamond ring she inherited from her mother. In Paragraph 4 she gave to her niece, Mrs. Jane (Adelaide) Gorden, her diamond broach set in pearls. Paragraph 6 was as follows:

"Sixth: I give and bequeath to my beloved husband, Dr. J. Fain Moore, if living, for and during his natural life, all of the rest and residue of the personal property that I may die seized and possessed of, to have the use and benefit of said personal property during his said natural life, and he shall have the full right and authority to sell, dispose of, deliver and convey said personal property or any part thereof, at

public or private sale, to any person or persons and for any price and on any terms that to him may seem best.

"(a) At his death my large diamond and all of my household goods and furniture then remaining shall be divided in equal shares among * * * (naming her nephews and nieces).

"(b) All the rest and residue of such personal property then remaining at the death of my husband, Dr. J. Fain Moore, shall be divided in equal shares among the following, who are our nephews and nieces, to-wit: (naming them).

"Seventh: I give and bequeath to my husband, Dr. J. Fain Moore, for and during his natural lifetime, all of the real estate which I may die seized and possessed of, to be used, occupied, enjoyed, conveyed and expended by my said husband as he shall desire and I hereby give to him, the said J. Fain Moore, full right and authority to sell, lease for oil and/or gas or any other purpose, dispose of, deliver, and convey said real estate or any portion thereof, at public or private sale, for any price and on any terms and in any manner that may seem to him best.

"Upon the death of the said Dr. J. Fain Moore, any of such real estate then remaining shall be divided among the persons following in the following manner: * * *"

In Paragraph 9 she named her husband, Dr. J. Fain Moore, as independent executor of said will without bond, and further included in said paragraph the following: "I empower and authorize my said executor to sell, dispose of, deliver and convey any portion of my estate, real or personal, at public or private sale, for any price and on any terms and in any manner that may seem to him best."

Upon appropriate pleadings the trial court construed the will to the effect: (a) That Dr. Moore does not have the authority to give away any personal property belonging to the estate. (b) That Dr. Moore has authority to sell and convey the personal and real property belonging to the estate if he desires to do so at a price less than its reasonable market value; but if he sells any of said property he does not have the authority to give away the proceeds. (c) If any of the property belonging to the estate is sold by Dr. Moore during his lifetime but the proceeds are on hand at his death, the defendants below (who are the appellees here) will have an interest in said proceeds under the terms of said will. (d) The defendants do not have only a contingent interest in such property of the estate as actually remains on hand at the time of the death of Dr. Moore, such interest of defendants being now a vested remainder interest in the personal and real property of the estate, subject to the right of Dr. Moore to sell and convey the same under the specific authority to do so conferred on him by the will. (e) If Dr. Moore sells any of the property belonging to the estate, the proceeds remaining in his possession at the time of his death will go under the will to the remaindermen named in the will and such proceeds will not pass to the heirs of Dr. Moore. (f) The will granted a life estate in the property, both as to personal and real property, with full power to him to sell any and all the property at public or private sale for any price and on any terms that to him seems best; that in case of sale by Dr. Moore of said property, or any part thereof, he having a life estate in the property itself will also have a life estate in said proceeds. (g) If Dr. Moore sells any of the property he will not be bound to account to the defendants for the reasonable market value of the property sold, but the proceeds of the sale or sales, if any, would merely take the place of the property sold and Dr. Moore will continue to have a life estate in such proceeds, and on his death the right to such proceeds shall fully vest in the defendants. (h) That Dr. Moore is the trustee of said property for the benefit of the defendants only, in the sense that an independent executor is trustee for the benefit of all those having an interest in said estate, the rights of the defendants in said property during the life of Dr. Moore being subject to the right to use, enjoy and even sell the same.

The real factor in concerning the will is to ascertain the intent of the testatrix, and when such intent is once determined, the same must be given effect. If the instrument is clear and unambiguous,

the intent must be determined from the words. used in the instrument as a whole. Extrinsic evidence, such as the situation of the testatrix at the time the will was executed, the status of her family and property, and other circumstances relating to herself individually and her affairs, can be looked to only where the will is ambiguous. Heinatz v. Allen, Tex.Sup., 217 S.W.2d 994; Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217.

Under the terms of the will in question, Dr. Moore was given a life estate in both the personal and real property of his wife, with certain powers. She disposed of her personal and real property in separate paragraphs. Paragraph 6 and 7 are the ones under consideration here. In paragraph 6 she devised the residue of her personal property to her husband, Dr. Moore, in which she provided: "I give and bequeath to my beloved husband, Dr. J. Fain Moore, if living, for and during his natural life, all of the rest and residue of the personal property that I may die seized and possessed of, to have the use and benefit of said personal property during his said natural life, and he shall have the full right and authority to sell, dispose of, deliver and convey said personal property or any part thereof, at public or private sale, to any person or persons and for any price and on any terms that to him may seem best. (a) At his death my large diamond and all of my household goods and furniture then remaining shall be divided in equal shares among * * * (naming her nephews and nieces). (b) All the rest and residue of such personal property then remaining at the death of my husband, Dr. J. Fain Moore, shall be divided in equal shares among the following, who are our nephews and nieces, to-wit: (naming them.)"

The only express power of disposition of such property given is: full right and authority to dispose of at public or private sale, to any person or persons and for any price and on any terms that to him may seem best, which is not an absolute right to dispose of the property in any manner that he might desire but is qualified to. the extent that any disposition of the property should be by sale, private or public, on any terms and for any price that to him may seem best.

Among the cases appellant cites are: Kilpatrick v. Cassel, Tex.Civ.App., 19 S.W.2d 805, 806, and Taylor v. Harkey et al., Tex.Civ.App., 145 S.W.2d 625. The provisions of the wills construed in those cases are somewhat different in terms from the will here in question. In the first case the will provided: "to have as his own, to use and enjoy, to sell and dispose of, as he may think proper and best." In the second case the will provided: "to have and to hold during his natural life, and to use and enjoy the fruits and revenues derived therefrom, as long as he shall live * * * and I. hereby authorize and empower my said husband * * * to sell or dispose of or exchange for other property, any and all. property that I may die seized of, during his lifetime as he may see fit and proper and to use the proceeds of the sale of said property, or any property that he may sell, acquire by exchange, for any purpose that he may see fit and proper." The courts in each of the above cases held that the life tenant was given the absolute power of disposition. But the will here under consideration nowhere provides that Dr. Moore shall have the property as his own, or hold the same during his life, to sell or dispose of it as he sees fit and proper or to use the proceeds of any sale for any purpose that he may see fit and proper, but it is observed that he is only to have the use and benefit of said personal property during his lifetime, with power to dispose of the same at public or private sale for any price and on any terms that to him may seem best. We are of the opinion that any disposition of said personal property by Dr. Moore should be by sale, and that he does not have the right to give the property or the proceeds of any sale away so as to defeat the remaindermen of their interest in said estate, the appellees having a contingent interest in the property and the proceeds of any. sale of any of said property that remains on hand at the death of Dr. Moore and will be entitled to receive the same under the terms of said will. Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1; Edds v. Mit-

chell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470. In devising her real property the testatrix gave to her husband broader powers over said property than she gave relating to the residue of her personal property, paragraph 7 reading: "I give and bequeath to my husband, Dr. J. Fain Moore, for and during his natural lifetime, all of the real estate which I may die seized and possessed of, to be used, occupied, enjoyed, conveyed and expended by my said husband as he shall desire and I hereby give to him, the said J. Fain Moore, full right and authority to sell, lease for oil and/or gas or any other purpose, dispose of, deliver, and convey said real estate or any portion thereof, at public or private sale, for any price and on any terms and in any manner that may seem to him best. Upon the death of the said Dr. J. Fain Moore, any of such real estate then remaining shall be divided among the persons following in the following manner."

The terms of the above paragraph, in which she devised the property to her husband during his lifetime, "to be used, occupied, enjoyed, conveyed and expended by him as he shall desire", clearly indicates that she intended to give to him unrestricted power to dispose of said property during his lifetime as he desired. We do not agree with the appellees' contention that by the further provisions in said will, whereby she empowered her husband to dispose of, deliver and convey said real estate, or any portion thereof, at public or private sale, for any price and on any terms and in any manner that may seem to him best, restricted his power in making disposition of said real property so that he does not have the right to dispose of the same except and only by public or private sale, and that the appellees have a present vested interest in the real property, or in the proceeds of the sale of any of the same, and that he has no right to use or dispose of any of the proceeds in event any of said property should be sold. We are of the opinion that by adding the provisions giving her husband full right and power "to sell, dispose of, deliver and convey said real estate, or any portion thereof, at public or private sale, for any price and on

any terms and in any manner that may seem to him best," was intended to make more certain, if possible, that she intended that he should have unrestricted power in the disposition of said property during his lifetime. Such being her intention, we are of the opinion that under the terms of the will in respect to the real property that it comes within the rule laid down by the Supreme Court in the case of Harrell et al. v. Hickman, 215 S.W.2d 876, and cases there cited, wherein it is held that where the survivor takes a conditional fee or even a life estate with full power of disposition, he may dispose of the property as he sees fit during his lifetime. The will providing: "Upon the death of the said Dr. J. Fain Moore, any of such real estate then remaining shall be divided among the persons following in the following manner", and giving him the right to convey and expend such property during his life as he desires, and not being restricted in any manner in disposing of the proceeds of the sale of any of such property, certainly confers upon him the power to dispose of the proceeds of the sale of any of said property as he sees fit. There also is no provision in the will that indicates an intention upon the part of the testatrix in event said property, or any part thereof, should be sold and any of the proceeds of such sale or sales remaining undisposed of by Dr. Moore at his death should not go to the remainderman named in said will. Dr. Moore was given a life estate with full power of disposition during his life. Therefore, it is our opinion that the appellees have only a contingent interest in such real property, if any, of the testatrix that remains undisposed of by Dr. Moore during his lifetime, and in the event any of said property is sold, in the proceeds of any sale of such property that remains undisposed of by him during his lifetime. Harrell et al. v. Hickman, Tex.Sup., 215 S.W.2d 876; Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470.

The judgment of the trial court not in conflict with this opinion is affirmed, but that part of said judgment which does conflict with our holding therein is hereby reversed and rendered.