### TILLMAN v. MAHAFFEY.

#### No. 6582.

Court of Civil Appeals of Texas. Texarkana.
Oct. 2, 1952.

Rehearing Denied Oct. 30, 1952.

Because of his incapacity to transact business, and of his serious illness, Mr. and Mrs. Mahaffey desired to sell his interest in the gin property; which included the machinery and real estate on which it is located. Mrs. Mahaffey handled the matter for her husband. She first tried to sell his interest to Tillman. She wanted $12,500 for the Mahaffey one-half interest. Tillman told her he could not give it at that time. A number of conferences occurred between her and Tillman, until finally Tillman offered her $10,000 for their half interest and she accepted it. The deed was prepared and taken to Dallas where it was signed and acknowledged by Mahaffey on August 6, 1949. Mrs. Mahaffey executed and acknowledged the deed in Franklin County on the same date. It was filed for record on August 9, 1949. Thereafter, by deed dated and acknowledged on August 29, 1949, Tillman and his wife sold and conveyed the entire gin property to W. B. Meek for $25,000, payable $15,000 cash, and two vendor's lien notes for $5,000 each, due and payable to Tillman on August 29, 1950, and 1951.

Mrs. Mahaffey filed this suit and sought judgment against Tillman for $2,500, being one-half of $5,000 which Tillman received for the property in excess of the total valuation placed upon it when he bought the Mahaffey one-half interest. The jury found that after Tillman bought the property he expended $800 in improvements, and expended $1,100 for bagging and ties with which to operate the gin during the 1949 season. These items were included in the sale price to Meek, and accordingly the trial court deducted the sum of $1,900 from the total sale price of $25,000, leaving a net sale price of $23,100, the excess over the total valuation in the Tillman-Mahaffey sale being $3,100. The court rendered judgment in favor of Mrs. Mahaffey for one-half of that amount, $1,550, and also decreed a partition and division of the remaining property, consisting of real estate belonging to the partnership of Tillman and Mahaffey. It is from that judgment that this appeal is taken.

The appellee's suit for money judgment is set forth in the second and third par-

Sellers & Fanning, Sulphur Springs, for appellant.

R. T. Wilkinson, Mt. Vernon, Chas. M. Winkle, Pittsburg, for appellee.

LINCOLN, Justice.

M. M. Mahaffey and L. V. Tillman had been partners in business for about twenty years prior to the death of Mahaffey on September 9, 1949. They owned and operated a gin in Mt. Vernon, Texas, and the partnership also owned various pieces of real estate in Franklin County. Mr. Mahaffey became ill in February, 1949, and was hospitalized most of the time till his death by accident. The plaintiff, Mrs. Mattie M. Mahaffey, is the surviving wife, and is independent executrix of his estate.

agraphs of her petition. Her cause of action for money judgment must stand or fall upon the allegations contained in those two paragraphs. Said paragraphs in full are as follows:

"2. For several weeks prior to the 6th day of August, 1949, her husband became in bad health and it became necessary for him to take treatment and to rest and on the advice of his physician he was placed in a hospital in Dallas. This period was not a ginning time; it was not entirely necessary that his presence in connection with the business of the firm be had; and the matter was left in the hands of the defendant. That his physical condition and nervous condition became such that in his, and the defendant's opinion it would be best that the machinery of the partnership be sold, and the defendant took charge of the selling of the machinery and did negotiate with several different persons with reference to a sale, and during the time placed a sales price of $30,-000.00 to $40,000.00 for the machinery and lot and a small tenant house on the lot. The defendant continued to talk with them about the sale of the property, and her husband being in bad health, had not undertaken to secure a purchaser and had left the whole matter to the defendant. That after some weeks of negotiating with different parties, defendant advised them that he could not get $25,000.00 for the property, the lowest price her husband had placed on the property, which price he and she believed the property to be worth. Plaintiff believes and so states the fact to be that at the time he made the statement the defendant actually knew that the machinery and lot and tenant house had a value from $25,000.00 to $35,000.00 and she believes and states the fact to be that he had at that time been negotiating with and was negotiating with a purchaser to buy the property at that price. His first price being $30,000.00 but later had agreed to take $25,000.00 and in fact had said property sold or bargained for said sum at the time heretofore mentioned to-wit: the 6th day of August, 1949, and at the time he stated to them that he could not sell the property for said sum. Plaintiff would respectfully show that on said day her husband M. M. Mahaffey, had the utmost confidence in the defendant and relied implicitly on what he said and told him so believing plaintiff, and her husband accepted a proposition made to them by defendant and executed a deed to the defendant for the sum of $10,000.00 conveying to him an undivided one-half interest in the gin lot, tenant house and gin machinery and fixtures, the same being this partnership interest in that particular property, believing at the time that defendant could not, as he stated, get $25,000.-00 for the property. That the condition of her husband's health had been such for some time that he had been unable to look after the property and relied solely upon his partner in dealing fairly with him in respect to the partnership, and would not have sold his interest except upon the statements and confidence imposed in the defendant as above alleged.

"3. That afterward on the 29th day of August, 1949, following up the negotiations for the sale of the property which were under way on the 6th day of August, 1949, the defendant sold and conveyed the property, which had not increased in value, to W. B. Meek for the sum of $25,000.00, difference of $5,000.00 without conferring with her husband."

The case as briefed and presented here is upon the ground that the partnership between Tillman and Mahaffey created a fiduciary relation between them, and that Tillman violated his duty to make full and complete disclosure to appellee of all facts known by him material to the sale of the property. The record shows that the case was tried upon that theory. That an action so grounded can be maintained is supported in Johnson v. Peckham, 132 Tex. 148, 120 S.W.2d 786, 120 A.L.R. 720. It is there held that a fiduciary relationship ex-

ists between partners; that it is a co-partner's duty as a matter of law to disclose material matters known to him in purchasing his co-partner's interest in firm assets; that this duty exists irrespective of strained relations between them; that they do not deal with each other at arm's length; and that whether the seller relied upon the buyer to discharge his high duty is not a material inquiry.

A petition in such case must allege facts upon which a judgment for petitioner may rest. It must state what facts the buyer knew which he did not communicate to the seller. The materiality of such facts must be shown. The proof must correspond to the allegations, and the ultimate issues of fact made by the pleadings and proof must be submitted to the trier of such issues. These are elemental principles of procedure.

There were numerous exceptions to the petition, all of which were overruled and exceptions taken. At conclusion of the evidence appellant presented motion for judgment, exceptions to the charge, motion for judgment after verdict, and motion for new trial, all of which were overruled and exceptions taken. We do not deem it necessary to take up and consider all matters so raised, but in general they present the question that the judgment of the court and so much of the verdict of the jury upon which the money judgment is based is not supported by the pleadings nor the evidence.

In response to special issues submitted the jury found the following facts:

(1) Prior to August 6, 1949, the date of sale from Mahaffeys to appellant, the defendant had been negotiating with Meek for sale of the gin property.

(2) Prior to the date of sale appellant had failed to make full and complete disclosure to Mrs. Mahaffey of all material facts concerning the interest expressed to Tillman by Meek in the purchase of the gin property.

(3) Prior to August 6, 1949, appellant requested appellee to keep quiet and let him negotiate with Meek in the sale of the gin property.

(4) Prior to August 6, 1949, Madison Mitchell had told appellant that he, Mitchell, had offered to buy and would buy Mahaffey's interest of one-half for $12,500, if it was agreeable to Tillman. This was in response to appellee's requested issue No. 2.

(5) Appellant did not disclose to Mahaffey or his wife, prior to August 6, all the information he had with reference to a sale of the gin property. This was in response to appellee's requested issue No. 6.

(6) Appellant did not know on August 6, 1949, that he could sell the gin property to W. B. Meek for $25,000. This was in response to appellant's requested issue No. 2.

(7) On August 6, 1949, appellant had not already sold the gin property in question to Meek for the sum of $25,000. This was in response to appellant's special requested issue No. 1.

The proof supports Jury Finding No. 1. Mrs. Mahaffey so testified. She stated that Tillman told her he was "talking" with Meek, and told her to keep quiet and let him do the talking. This is the substance of Jury Finding No. 3. However, Finding No. 3 is evidentiary only, and is not sufficient to support a judgment. Finding No. 1 will not support the judgment, for the evidence shows that the fact of negotiations with Meek was disclosed to Mrs. Mahaffey. No issue was submitted nor requested calling for a finding on any fact material to the sale which arose out of Tillman's talks with Meek. The only allegations specific in their nature are that after negotiating "with different parties," the appellant advised appellee that he could not get $25,000 for the property; that she believes and so states the fact to be that at the time he made the statement to her he had been negotiating with and was at that time negotiating with a purchaser (not named) to buy the property for $25,000; and that, "in fact had said property sold or bargained for said sum at that time." These allegations do not show that Meek was the proposed buyer referred to, and we think the court was in error in overruling appellant's exception on the ground

that the name of the person was not stated. However, if we concede that the allegation is sufficient in that respect, a jury finding or findings in support of the allegations would have been sufficient to support the judgment. But Jury Finding Nos. 6 and 7 are conclusive against appellee on the allegations referred to. The evidence amply supports those findings.

There is no allegation to support Jury Finding No. 4. Nor is there any allegation or a jury finding that the information given Tillman by Mitchell was material to the sale, nor that Tillman failed to disclose such information to Mrs. Mahaffey. Mitchell testified that in July, Mr. Mahaffey asked him about selling the property to him; that he talked to Tillman about it and told Tillman that Mahaffey wanted $12,500 for his half interest; that he told Tillman he was interested in buying it if it was all right with Tillman; that Tillman told him if Mahaffey was going to sell it cheap he wanted it. The further effect of his testimony is that he concluded Tillman did not want him as a partner and he, Mitchell, then dropped the whole matter. This testimony presents an issue of fact as to the materiality of the conversation between Tillman and Mitchell, but no issue thereon was submitted or requested. There is further testimony which could call for a jury finding on whether Mitchell was able, ready and willing to buy the Mahaffey interest for $12,500, but none was submitted nor requested by appellee.

The issue upon which Finding No. 2 above was made reads: "Do you find from a preponderance of the evidence that prior to August 6, 1949, L. V. Tillman failed to make full and complete disclosure to Mrs. Mattie Mahaffey of all the material facts, if any, concerning the interest expressed to L. V. Tillman by W. B. Meek in the purchase of the gin property herein testified about?" To this the jury answered, "Yes."

The issue upon which Finding No. 5 above was made was as follows: "Do you find from a preponderance of the evidence that L. V. Tillman disclosed to M. M. Mahaffey or his wife, both or either, prior to the 6th day of August, 1949, all the information that he had with reference to

a sale of the gin machinery or lot?" The jury answered, "No."

As will be readily seen from appellee's petition above, there is no allegation of fact to the effect that Tillman received material information from Meek, Mitchell or anybody else, and that he failed to disclose such information to Mr. or Mrs. Mahaffey. The evidence is wholly insufficient to show that prior to August 6, 1949, any material information was given to Tillman by Meek, except what we have already pointed out, and that which Tillman had from Meek was communicated to Mrs. Mahaffey. The issue upon which Finding No. 2 was made left the jury to speculate as to what facts were material, whereas, their materiality was itself an ultimate issue. So, also, as to the other quoted issue above. There is no requirement of law that "all the information" Tillman had must be disclosed. The requirement is for a full disclosure of all material facts. To authorize such submission specific facts must be alleged, their materiality shown, and that the co-partner buying from his other co-partner must make disclosure of such facts at an appropriate time. We have tried to point out what are the ultimate fact issues in a case of this kind, and such issues should be alleged, supported by proof, and submitted to the jury. Where the record, as here, presents an absence of findings on necessary ultimate issues upon which a judgment for either party may rest, the judgment must be reversed and the cause remanded. Rainey v. Jones, Tex.Civ.App., 146 S.W.2d 794. Objections and exceptions along lines herein discussed were duly made by appellant and brought forward in his motion for new trial. We believe they were valid, and that the trial court erred in not sustaining them. For these reasons the judgment on this phase of the appeal must be reversed and a remand ordered.

The petition alleges that appellee is independent executrix of the estate of her deceased husband. The proof sustained the allegation by showing probate of his will and her qualification as such independent executrix. However, she does not bring the suit in her representative capaci-

ty, only in her individual right. She and her husband had executed a joint will. By Item 2 they devised and bequeathed to the survivor "all of the estate of every description and character, real, personal and mixed that we may die possessed of to be used, occupied, enjoyed, conveyed, and expended by and during the life of such survivor, and after the death of such survivor we direct, will and bequeath the remaining portion of our estate as directed in the following items." They had two daughters who survived their father, and subsequent provisions devised and bequeathed to them such property as remained undisposed of at death of the survivor.

Appellant contends that the two daughters were necessary parties to the suit for partition, on the ground that the will devised only a life estate to appellee with remainder to the daughters. This contention is predicated on the statute, Article 6083, V.A.C.S. of Texas, and decisions thereon. See Tieman v. Baker, 63 Tex. 641; Luker v. Luker, Tex.Civ.App., 226 S.W.2d 482; 32 Tex.Jur., p. 165, Sec. 19; Id. p. 183, Sec. 34.

We think the trial court correctly overruled appellant's contention. The effect of the trial court's ruling is that it construed the will as devising a fee simple title to Mrs. Mahaffey, rather than a life estate. This construction is supported by the recent decision in C. C. Young Memorial Home v. Nelms, Tex.Civ.App., 223 S.W.2d 302, 303, writ refused, n.r.e., and cases there cited. In that case the testator devised and bequeathed to his wife all his property, real and personal, of every kind and character, wherever situated " 'to be by her used, sold or disposed of as she may see fit' ", and at her death such property as then remained was to go to his and her heirs equally according to the law of descent and distribution in Texas. The will was held to pass a fee simple title to testator's wife.

In the Mahaffey will, the survivor, in this case the appellee, was given the unqualified right to use, occupy, enjoy, convey and expend all of testator's property as she saw fit. The two daughters were not given any present interest in any of their father's estate. They were not vest-

ed with any right to interfere with their mother in the exercise of the title given her, nor were they given any vested right, title or interest in the proceeds of any sale she might make. She was not required to preserve, protect, nor account for any of the property to the daughters. These are not incidents of a life estate, which presupposes a vested title in a reversioner other than the life tenant. As said in Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 879. "In the instant case the testators in language free of ambiguity have clothed the survivor with the unqualified right to convey the property during his or her lifetime and have limited the rights of the remaindermen to whatever estate remained in the survivor at his or her death, and we are not authorized to impose a limitation upon that right or by implication to grant any right to the remaindermen other than to acquire that which might remain after the death of the survivor.

Our conclusion is that the will in question devised a limitation or defeasible fee simple title to appellee. For additional authorities see McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Lockridge v. McCommon, 90 Tex. 234, 38 S.W. 33; Adams v. Williams, 112 Tex. 469, 248 S.W. 673, 678; Norton v. Smith, Tex.Civ. App., 227 S.W. 542, 547, writ dismissed. It follows that the trial court correctly held that there was no defect of necessary parties in the partition proceedings. Appellant's Points 7 and 8 raising the question are overruled. These points raise no other questions than the right of appellee to prosecute the suit for partition, and defect of parties in such proceeding. Since the matter has been fully developed, it is our duty to affirm the judgment of the trial court insofar as it decreed a partition and division of property and adjustment of equities between the litigants. We do this on the ground that the partition action and the suit for money judgment are severable controversies, and our action finds support in the first proviso of Rule 434, Texas Rules of Civil Procedure.

As to the cause for money judgment claimed by appellee occasioned by sale of the gin property, the judgment of the dis-

262

trict court is reversed and the cause remanded. As to the proceeding for partition and division of other property, and adjustment of equities in connection therewith, the judgment of the district court is affirmed. Costs of the appeal are adjudged equally between appellant and appellee. On further proceedings the district court should sever the two causes of action.

Affirmed in part, and reversed and remanded in part.