Glenn E. McKAMEY et al., Appellants,

v.

Mrs. Maude E. McKAMEY et al., Appellees.

No. 13566.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 17, 1960.

Rehearing Denied March 16, 1960.

J. R. Sorrell, McCampbell & McCampbell, Corpus Christi, D. D. Boyd, Port Lavaca, for appellants.

Butler, Binion, Rice & Cook, George W. Rice, Fletcher H. Etheridge, Neal Powers, Jr., Houston, for appellee.

MURRAY, Chief Justice.

This is an appeal from a judgment of the District Court of Calhoun County, Texas, among other things, declaring to be valid two deeds executed by Mrs. Maude E. McKamey, hereinafter referred to as Mrs. McKamey, one executed on November 28, 1956, to her daughters, Ivy Lurline McKamey Pulliam, Riva May McKamey Corbin, and Iris Lynn McKamey Wagner, recorded in Vol. 217, p. 501, of the Deed Records of San Patricio County, Texas, hereinafter referred to as the "San Patri-

cio County Deed," the other executed on October 25, 1957, to her five children, namely, appellants Glenn E. McKamey, and Maida Mauryne McKamey Wiese, and appellees Ivy Lurline McKamey Pulliam, Riva May McKamey Corbin, and Iris Lynn McKamey Wagner, recorded in Volume 134, p. 177, of the Deed Records of Calhoun County, Texas, hereinafter referred to as the "Calhoun County Deed." The evidence shows that on December 14, 1950, Mrs. McKamey and her husband, J. W. McKamey, executed a joint and mutual will. Thereafter, on November 30, 1955, J. W. McKamey died, and Mrs. McKamey refused to offer the will for probate, refused to act as independent executrix of the will, and refused to take under the will. Thereafter, on March 3, 1956, Glenn E. McKamey, her son and appellant here, offered the will for probate, and it was admitted to probate on May 7, 1956, and First State Bank of Port Lavaca was appointed and qualified as administrator with will annexed of the estate of J. W. McKamey, deceased. Thereafter the two deeds above described were executed by Mrs. McKamey, and this suit followed, among other things, testing the validity of such deeds.

■ It is contended by Mrs. McKamey that inasmuch as she refused to offer the will for probate, refused to act as independent executrix of the will, and refused to take under the will, it was not binding upon her in any way, and that she was free to dispose of her one-half of the community estate and her separate property as she might see fit. We overrule this contention. Mrs. McKamey not having revoked the mutual will during the lifetime of her husband, after his death it became binding upon her as a contract. Weidner v. Crowther, Tex., 301 S.W.2d 621.

■■ This brings us to a consideration of the question of whether under the terms of the joint will Mrs. McKamey was authorized to execute the above two deeds.

The material portions of the joint will are as follows:

"First. It is our will and desire that the survivor of us, J. W. McKamey or Maude E. McKamey, as the case may be, shall, with the rights and authority below given, have and receive out of the property and estate of the other a life estate in and to *all property of every description*, real, personal or mixed, *to be used, occupied, enjoyed, encumbered or conveyed and expended,* without the joinder of any of our surviving children, as hereafter named, or their heirs, by and during the lifetime of such survivor, *as such survivor shall desire,* and that upon the death of such survivor, *any of such estate then remaining,* shall be divided among our beloved children in the manner and under the conditions as hereinafter provided; * * * "*Grants and Bequests:*

"1.

"To our beloved son, Glenn McKamey, and upon the death of the last survivor of us, we give *the remainder of:* * * *

"2.

"To our four beloved daughters, namely, Riva May, Lurline, Maida Mauryne and Iris Lynn, or to the heirs of their bodies, subject to the restrictions heretofore and hereafter provided, as their sole and separate property, we give and grant, *the remainder of,* in equal undivided shares or interests, our estate: * * *." (Emphasis added.)

Such provisions make it clear that, even though the will constitutes a valid contract, binding upon Mrs. McKamey, such contract does not in any manner restrict Mrs. McKamey's right and power to make "inter vivos" conveyances of all or any

portion of her own property, upon such terms and to such persons as she may desire, even including a gift of the property. These same rights would have been in J. W. McKamey should he have been the survivor. The will is only binding upon her as a contract, as she is still living, and it would become binding on her as a will only after her death. Under such contract she had the power to use, occupy, enjoy, encumber or convey and expend the property covered by the will or contract as she might desire, and in executing the two deeds she did what she was expressly authorized to do. Lowe v. Ragland, 156 Tex. 504, 297 S.W.2d 668; Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876; Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470; Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133; Ellis v. First Nat. Bank in Dallas, Tex.Civ.App., 311 S.W.2d 916; Johnson v. Johnson, Tex.Civ.App., 306 S.W.2d 780; Odell v. Odell, Tex.Civ. App., 306 S.W.2d 914; Tillman v. Mahaffey, Tex.Civ.App., 252 S.W.2d 255; Moore v. Gorden, Tex.Civ.App., 221 S.W.2d 314; Feegles v. Slaughter, Tex.Civ.App., 182 S.W. 10; Young v. Campbell, Tex.Civ. App., 175 S.W. 1100.

There is no doubt but that, by the execution of the two deeds to her children, in which she conveyed practically all of her property, reserving to herself a life estate, in effect, Mrs. McKamey disposed of her property in a different manner than she would have been authorized to do by a testamentary disposition of the same. However, this is unimportant so long as the will authorized her to execute the two deeds.

The authorities above cited clearly establish the rule that where by the terms of a joint and mutual will the survivor is given the unlimited right of disposition of the property by "inter vivos" conveyances, such survivor may convey the property as she or he sees fit, even though it may defeat the plan of disposition set forth in the will.

In view of the above holding, we do not find it necessary to pass upon other matters raised by the parties.

The judgment is affirmed.