Charles Donald SCALES et al., Appellants,

v.

Ardelle E. SCALES and Leslie Byron George, Appellees.

Ardelle E. SCALES and Leslie Byron George, Appellants,

v.

Charles Donald SCALES et al., Appellees.

No. 18306.

United States Court of Appeals Fifth Circuit.

Dec. 29, 1961.

Rehearing Denied Jan. 30, 1962.

Ralph Brock, W. W. Campbell, Lubbock, Tex., for appellants.

M. Warlock Carr, Jas. H. Milam, Lubbock, Tex., for appellees.

Before CAMERON and BROWN, Circuit Judges, and HANNAY, District Judge.

HANNAY, District Judge.

Appellants (who were plaintiffs in the trial court and who are also cross-appellees in the instant case, and who will hereinafter be referred to as appellants), Charles Donald Scales, Kibby Wayne Scales and Ruby Irene Barron, joined by her husband, H. L. Barron, sued Ardelle E. Scales and Leslie Byron George, appellees (who were defendants below and who are also cross-appellants, and who will hereinafter be styled as appellees), to recover the community one-half interest of Charles Scales in all of the community property owned by him and his wife, Ardelle, when he died on February 26, 1955, and for an accounting and for partition based on allegations that Ardelle Scales had renounced the joint and mutual last will and testament of herself and Charles Scales, dated July 30, 1943. Appellants also sued for an injunction against Ardelle Scales from further disposing of the property of the estate by gift or otherwise without an order of the District Court, for an accounting of all gifts and disposals made by her, and for a receiver to be

appointed for all of the remaining property not disposed of. Appellants allege waste and dissipation of the estate by Ardelle Scales and also, in the alternative, that the joint will above mentioned vested in them a remainder fee title to three-fourths of all of the property, with one-fourth thereof to Leslie Byron George, and then prayed the court to construe the will as so vesting in them a fee title in the remainder of all of the property, subject to the life estate of Ardelle Scales in all of such property, coupled with a power of appointment to sell and convey the property for her own use. Appellants later filed a motion for an audit and made a motion for summary judgment.

Appellees answered, saying that the last will of Charles Scales and Ardelle Scales was admitted to probate in the Probate Court of Lubbock County, Texas, on March 21, 1955, on the application of Ardelle Scales, and that she thereafter qualified as Independent Executrix without bond and duly filed an inventory and appraisement on June 13, 1955. In further reply, Appellees deny that there is any vested remainder whatever in Appellants created in the community property of Charles Scales and Ardelle Scales, and further, in the alternative, deny that the vested remainder, if any, of Appellants is subject to being divested by the exercise of the unlimited power to sell, convey and expend possessed by the Appellant Ardelle Scales, under the terms of the joint will. The material part of said will is as follows:

"It is our will and desire that the property of us, Charles H. Scales and Ardelle Scales, * * * shall, with the rights and authority below given, have all of the estate of every description, real, personal or mixed which either or both of us may own at the time of the demise of the first of us to die, to be *used, occupied, enjoyed, conveyed and expended* by, and during the life of such survivor, *as such survivor shall desire,* and that upon the death of such survivor, * * * any of

such estate which then remains shall be vested share and share alike in our children, Leslie Byron George, Charles Donald Scales, Kibby Wayne Scales and Ruby Irene Barron, a married woman." (Emphasis supplied.)

Appellees denied generally each and every allegation in Appellants' complaint not therein admitted, controverted or specifically denied.

The case was tried before the court without a jury. The main facts relied upon by the Appellants for recovery were as follows:

(1) That the so-called sale of the C. H. Scales Implement Company to Leslie Byron George was for an alleged inadequate consideration. George at the time of the fatal illness of Charles Scales was and had been for some time in the Coast Guard of the United States. At his mother's solicitation, he resigned his position and came to Lubbock and became the purported purchaser of the implement company. In this he was not a financial success. It was later sold and the proceeds of the sale were paid to Ardelle Scales directly.

(2) The sale of some 460 acres of land in Missouri and the livestock that were being pastured thereon was made by Ardelle Scales and the use of the proceeds thereof was expended by her. This it is claimed was a repudiation of the will.

(3) The sale of a lot in Lubbock, Texas, was reconveyed to Ardelle Scales after the death of Charles Scales. This was alleged to have been wrongful and contrary to the provisions of the will.

(4) Gifts of more than $16,000 by Ardelle Scales to her son, George, were made in bad faith.

(5) The payment by Ardelle Scales of attorneys fees in this litigation in the sum of $8,000 was unauthorized.

(6) The payment of a handwriting expert of $250 was improper.

(7) The purchase of stock in a uranium company and in an insurance company was of a speculative nature and

showed bad judgment on the part of Ardelle Scales.

These facts were urged by the Appellants as showing an election on the part of Ardelle Scales not to accept under the will but as against the will, and they also claimed that it was an election and estoppel on her part since such acts evidenced bad faith and an ineptness in business judgment on her part.

The court on December 28, 1959, filed its judgment in the above case, which was (omitting formal parts) as follows, to-wit:

"(1) The instrument dated July 30, 1943, signed by Charles H. Scales and wife, Ardelle Scales, which has been probated as the last will and testament of Charles H. Scales, deceased, is a joint and mutual will of said testators.

"(2) The said Charles H. Scales has since died and is survived by the defendant Ardelle Scales, and she has elected to claim under the will.

"(3) Under said will the survivor Ardelle Scales is vested with a life estate in all of the property owned by the testators, or either of them, whether as community property or as separate property, and the other beneficiaries in the will are vested with the remainder in all of such estate, subject to the widow's life estate and the powers granted said life tenant.

"(4) The powers of said life tenant under this will, in the use and disposition of the life estate, income and corpus, is not limited solely to her personal use and for her adequate support and maintenance, but is subject only to the limitation that she may not dispose of any such property by direct or indirect gift to any remainderman, nor make any but minor donations of an ordinary kind to any other donees, nor loan any such funds or other property, except as specified in Paragraph (8) below, nor make any use or disposition thereof in fraud of the rights of the remaindermen.

"(5) The plaintiffs, Charles Donald Scales, Kibby Wayne Scales and Ruby Irene Barron, and the defendant Leslie Byron George, each is vested with an undivided one-fourth (¼) remainder interest in the property comprising said life estate, but such remainder interest and title is held subject to such depletion or consumption of said estate as results from the rightful exercise of lawful powers belonging to the life tenant as above described.

"(6) The former business known as 'C. H. Scales Implement Company' was not sold to the defendant, Leslie Byron George, by Charles H. Scales and wife in his lifetime, nor by Ardelle Scales afterwards.

"(7) The defendant Ardelle Scales, in derogation of the remainder estate and remaindermen, and without right, has made outright gifts, totaling $16,520.11, to the defendant Leslie Byron George, which gifts were not within the powers granted to her by the aforesaid will, but same were made in the genuine belief that she had authority to deal with the property of the estate in any way at her own pleasure and will, even to the extent of favoritism among the remaindermen.

"(8) The defendant Ardelle Scales has already shown certain ineptness of business judgment, as in the disastrous operation of the 'C. H. Scales Implement Company', after the death of her husband, and also some speculative investments, such that it would be to her own interest, and certainly to the fair interest of the remaindermen, if her future loans and investments of estate funds are limited to holdings in short term commercial government bonds, or short term 'A' rated municipal and school district bonds issued in Texas, or in savings accounts in national banks.

"It Is Therefore Ordered, Adjudged And Decreed By The Court, As Follows:

"I.

"That the defendant Ardelle Scales be and she is hereby adjudged to be the owner of a life estate in all of the property, real, personal or mixed, separate or community, owned by her husband Charles H. Scales and herself, or either of them, at the time of his death on February 26, 1955; and including all mutations thereof, which became part of said estate through sales of original assets, or other changes in form, or by new purchases of property with estate funds, or inuring to the estate in any other way. Together with such life estate, the said Ardelle Scales has the right and authority to use, occupy, enjoy, convey and expend the estate property as she may desire, subject, however, to the limitations and restrictions hereinabove and hereinafter stated.

"II.

"That the said Ardelle Scales be and she is hereby perpetually enjoined and restrained from disposing of any property or funds of the estate by direct or indirect gift thereof to any remainderman, and is also enjoined and restrained from making out of said estate property and funds any but minor donations of any ordinary kind to any other donee or donees, and is also enjoined and restrained from loaning any such funds or other property or the use thereof to any person or company whomsoever except that investment loans may be made by investment only in short term (maturity date within ten years) United States Bonds or Treasury Notes and Bills or short term State of Texas Bonds, or short term 'A' rated municipal bonds of a Texas city, of more than 100,000 population by the last federal census, or short term 'A' rated bonds of any independent school district embracing such a city, or by deposit in savings accounts in any national bank of Texas, and is also enjoined and restrained from making any use or disposition of any estate property or funds in fraud of the rights of the remaindermen.

"III.

"That the plaintiffs, Charles Donald Scales, Kibby Wayne Scales and Ruby Irene Barron, and the defendant, Leslie Byron George, each is vested with an undivided one-fourth ($\frac{1}{4}$) interest in all of the aforesaid assets and property in which the defendant Ardelle Scales has and holds her life estate, but said remainder interest and title must abide whatever depletion or consumption results therein from the rightful exercise of lawful powers belonging to the life tenant, as heretofore stated; provided, however, that the remainder interest of the defendant Leslie Byron George is hereby adjudged subject to a prior and preferred charge and liability in favor of the other remaindermen as security for the necessary adjustments to equalize the ultimate distribution among the remaindermen of said remainder estate, treating the previously mentioned gifts to him from his mother in the sum of $16,520.11, as items he must account for and be charged with as part of his total share in the remainder estate.

"IV.

"That the said Ardelle Scales be and she is hereby directed to file with the Clerk of this Court, in triplicate, within thirty (30) days from the date of this judgment, a personally verified and itemized inventory of all the remaining and presently held constituents, whether real estate, personal property, monies, bank accounts, stocks, bonds, bills receivable, choses in action, or

any other kind of assets of the estate or estates owned by the said Charles H. Scales and Ardelle Scales, or either of them, at the time of his death, whether as their community property, or as separate property of either or both, respectively, together with all other property, assets and funds derived directly or indirectly from the original estate or estates aforesaid, by any kind of mutation or mutations whatsoever, and disclosing truly all such properties and assets which are, or should be, now on hand.

## "V.

"That the note dated January 26, 1955, executed by L. B. George payable to the order of C. H. Scales and wife, Ardelle Scales, in the sum of $25,000.00, payable in twenty-one (21) installments, together with interest, in evidence herein as Exhibit P-1; and the two notes, both dated April 23, 1958, one in the principal sum of $3,000.49 and the other in the principal sum of $10,550.00, each executed by L. B. George and payable to Estate of C. H. Scales, due on or before five years after date, together with interest, and in evidence herein as Exhibits D-11 and D-13, respectively, be and all three thereof are hereby canceled and held for naught.

## "VI.

"All relief not hereinabove granted is hereby denied.

## "VII.

"It is further ordered that the costs herein be paid one-half (½) by the plaintiffs and one-half (½) by the defendants.

## "VIII.

"The Court, without detracting from the finality of this judgment, retains jurisdiction, so far as that may be done, to enter further orders and directions at the foot of the judgment as may be proper and necessary to further the execution of the judgment.

"Done and Signed this 24th day of December, 1959.

"(S.) Jos. B. Dooley,
United States
District Judge."

Thereafter the Appellants in due time gave notice of appeal to this court and perfected the same by filing the record of proceedings and duly executing surety bond required by the rules. Appellees cross-appealed from the judgment.

Appellants mainly rely on the claimed errors on the part of the District Court in refusing to grant a judgment against Appellees for Charles Scales' one-half interest in all of the community property owned by him and Ardelle Scales when he died on February 26, 1955, together with an accounting and a partition, and also in failing to grant their motions that Appellees should be denied the right to continue the use and possession of the unsold property as well as the right to execute the power of appointment unless and until Appellees made restitution to the estate for the amount of the gifts and the amount of the disposals. It was further claimed that the court erred in its finding that Ardelle Scales in disposing of the property acted in good faith and in reliance upon advice of reputable attorneys in the belief that she had the absolute power to sell or give away the property even to a remainderman. The Appellants except to the court's failure to enjoin the Appellees against disposing of the property of the estate without an order of the court first had and obtained, and to the court's failure to appoint a receiver to possess the remainder of the property unsold, and also to the court's taxing the court costs one-half against the Appellants.

Appellees were also dissatisfied with the District Court's judgment and cross-appealed from same, asserting and urging the following:

## "I.

"The District Judge erred in concluding that the joint and mutual last will and testament of C. H. Scales, deceased, and his surviving widow, Ardelle Scales, imposed upon the survivor of said testators any limitation or restriction upon the power of such survivor to use, occupy, enjoy, convey, expend and dispose of the assets of the estate of the first of said testators to die, other than the desire of such survivor.

## "II.

"The District Judge erred in construing the last will and testament of C. H. Scales, deceased, and his surviving widow, Ardelle Scales, to vest in the surviving widow only a life estate in all of the property, both community and separate, owned by them or either of them at the time of the death of C. H. Scales."

Discussing now the questions raised first by the Appellants. Unquestionably the instrument dated July 30, 1943, is the joint and mutual will of Charles Scales and wife, Ardelle Scales. In it the property of each of the individuals as husband and wife was devised to the survivor. (See 44 Texas Juris. 669.) It was irrevocable after the death of Charles Scales. It was both contractual and testamentary in character. As was well said in Weidner v. Crowther, 157 Tex. 240, 301 S.W.2d 624, 625, by the Supreme Court of Texas, speaking through now Chief Justice Calvert, the court said:

"Death of one of the parties to a mutual will, or mutual wills, will put effective revocation thereof beyond the legal right and power of the survivor. * * *

"At the heart of a mutual will lies a contract of the parties. It would be manifestly unjust to permit the surviving party to the contract to disavow it and its obligations, as those obligations are in-corporated in their will, after the other party has fully performed by abiding by it until his ability to revise it has been terminated by death."

In addition there are other "determining events" that conclusively support the District Court's holding that Ardelle Scales had elected to claim under the will. Briefly stated they are that she presented the will for probate, qualified as Independent Executrix under the will, filed an inventory and appraisement, accepted benefits under the will, failed to file any written renunciation of the will in the Probate Court, and finally and firmly on the witness stand committed herself to abide by said will.

The next question to be determined is the type of title that she took under the will. It is our opinion that she received a defeasible or conditional fee simple title since the will itself gave her the right and power to use, occupy, enjoy, convey and expend by and during her life as she, the survivor, "shall desire." This gave her the power to act imprudently or improvidently or in bad faith.

These words were used in their broadest sense. They were surely meant to grant to the survivor the right to convey and expend all or any part of the estate without qualification. The words of Charles Scales were plain and unambiguous and gave to the survivor the unlimited, unrestricted and unquestioned power to dispose of such estate "as such survivor shall desire." That being so, it follows that this court cannot disregard or change the will of the testator. It was accurately stated by the Commission of Appeals in Jackson v. Templin, 66 S.W.2d 666, at page 671, 92 A.L.R. 873:

"While courts have jurisdiction to construe wills, they have none to reform or correct them. They can add nothing to nor subtract anything from a will, but must leave

it as the testator made it, giving it only such construction as he intended."

In the case of Phinney v. Kay, 275 F. 2d 776, 780, decided by this court in 1960, this court construing language very similar to, if not identical with, the language used in the will in the instant case, in citing with approval the case of Harrell v. Hickman, 147 Tex. 396, 215 S.W.2d 876, 877, quoted from that case as follows:

"The consequences of a holding that after the death of T. M. Harrell the remaindermen could be heard to come into court and inquire into the purposes of deeds made by him during his lifetime are not difficult to perceive. Each conveyance had the effect of reducing the estate which would otherwise have gone to the remaindermen, and it might be that a jury would find that, since it had that effect, it was executed for that purpose and was therefore a fraudulent conveyance. Titles to property should not rest on such uncertain bases. The point need not be labored, for it has been definitely decided by this Court that under wills of similar effect as that before us, where the survivor takes a conditional fee, or even a life estate, with full power of disposition, he may dispose of the property as he sees fit during his lifetime. Hanna v. Ladewig, 73 Tex. 37, 11 S.W. 133; Young v. Campbell, Tex. Civ.App., 175 S.W. 1100, writ refused; Johnson v. Kirby, Tex.Civ. App., 193 S.W. 1074, writ refused; Feegles v. Slaughter, Tex.Civ.App., 182 S.W. 10, writ refused; Kilpatrick v. Cassel, Tex.Civ.App., 19 S.W.2d 805."

The Phinney case also discussed the case relied on most strongly by the Appellants, to-wit, Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588, and held that the language in that case holding that dispositions of property could not be made except in good faith was dictum.

In the case of McKamey v. McKamey, Tex.Civ.App., 332 S.W.2d 801, 802, decided in 1960, in which writ of error was refused, the pertinent language of the will was "as such survivor shall desire." The court held that the survivor could make conveyances, even including a gift of the property to a remainderman, in such a way as to defeat the plan of disposition set forth in the will. Many Texas cases are cited to support this legal proposition.

We, therefore, hold first, that the District Court correctly held that Ardelle Scales elected to claim under the will. We rule, however, that the District Court did err in deciding that Ardelle Scales had only a life estate when as a matter of law she had a defeasible fee simple title. See Tillman v. Mahaffey, 252 S.W.2d 255 (Tex.Civ.App., 1952, err. ref., nre). Hence, we reverse the District Court in holding that title was only that of a life estate.

We further hold that the District Court erred in holding that Ardelle Scales could not thereafter dispose of any of the property of the estate by direct or indirect gifts to any remainderman. In the case of Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600, the Supreme Court of Texas decided that the word *convey* means to *transfer,* and to *transfer* carries with it the right to *give away.* (Emphasis supplied.)

The District Court also erred in placing limitations on the type of investments that Ardelle Scales was authorized to make in the future, since there is no limitation or restriction on her power to dispose of the property "as she shall desire."

The District Court likewise erred in holding that the items totaling $16,-520.11 were to be chargeable to Leslie Byron George by reason of gifts made to him by his mother in that amount. We reverse such ruling.

We affirm the District Court in holding that the matters that the court decided were made in good faith by Ardelle Scales were so made.

We further affirm the District Court in holding that the costs of court, including this appeal, should be borne equally by the Appellees and Appellants. See Federal Rules of Civil Procedure, rule 54(d), 28 U.S.C.A.

The injunction heretofore granted by the District Court is hereby dissolved. We affirm the denial by the District Court in denying the application for an accounting and for a receivership.

We also affirm the District Court in the cancellation of the $25,000 L. B. George note payable to the estate of C. H. Scales, and also in the denial of the restoration of the attorneys fees paid by Ardelle Scales, and of the money paid for the services of a handwriting expert.

The judgment of the District Court not in conflict with this opinion is affirmed, but that part of said judgment which does conflict with our holding therein is hereby reversed and rendered. As modified, the cause is remanded to the District Court for further and other consistent proceedings.